By the Court.
 

 This cause undoubtedly was ordered certified by this court under a misapprehension of the facts of the case and the question involved.
 

 The parol evidence was admissible in this case for several reasons:
 

 (1) Because the written contract expressly refers to a verbal contract, and thereby excludes the theory of the merger of the oral agreement into the written agreement.
 

 (2) The words “actual cost plus 10 per cent.” are not defined in the writing, and, since the writing itself refers to both labor and material, the language could with equal propriety refer to either or both.
 

 (3) The interpretation contended for by the plaintiff in error, as applied to the facts of this case, leads to an absurd result, in that it leads to the conclusion that it was in the minds of the parties at the time of the making of the contract that the defendant in error was to employ his time, his organization, and his equipment, and the time of his superintendent, for a period of 90
 
 *172
 
 days without any possibility of receiving compensation therefor equal to the sum which he was under contract to pay to his superintendent.
 

 We recognize the fact that, where a contract is plain and unambiguous, it does not become ambiguous by reason of the fact that in its operation it will work a hardship upon one of the parties thereto and a corresponding advantage to the other, that it is not the province of courts to relieve parties of improvident contracts, but that, where a contract is equally subject to several interpretations, one of which presupposes rational action upon the part of all parties thereto and the other irrational action upon the part of one of the parties thereto, courts in seeking to determine the intention of the parties will assume that the parties entering into the contract were each exercising reason, and give to the contract such reasonable construction as it will bear.
 

 The oral evidence was competent in this case, not only because by reference it was made a part of the written contract, but for the purpose of clarifying an ambiguity by showing the meaning which the parties attached to the words they used in the writing at the time the writing was made.
 

 Judgment affirmed.
 

 Marshall. C. J.. Robinson, Jones, Matthias, Day. and Allen, JJ., concur.
 

 Wanamaker, J., not participating.