CHINNOCK, APPELLANT, v. BLACKIE, APPELLEE.

[Cite as Chinnock v. Blackie (1977), 53 Ohio App. 2d 237.]

(No. 36920—Decided July 14, 1977.)

*Mr. Dennis F. Butler*, for appellant.
*Mr. Thomas Kennedy*, for appellee.

JACKSON, J. On May 28, 1975, plaintiff-appellant filed a complaint in the Common Pleas Court of Cuyahoga County, praying for a declaratory judgment on the sole

issue raised by the pleadings, to wit: whether or not under the facts and circumstances of this case appellee, as director of law of the city of Lakewood, is required to draft legislation at the request of an individual councilman of the city.

The joint stipulations of fact filed in the trial court disclose:

The city of Lakewood, a suburb of Cleveland, with a population of approximately 70,000 residents, is a municipal corporation duly organized and existing pursuant to the laws of the state of Ohio, and charter duly adopted by the people.

Plaintiff is one of three councilmen-at-large, being elected by voters throughout the entire city, and defendant is the director of law,[2] being appointed by the mayor, with the approval of the city council.

On or about March 4, 1975, plaintiff, as an individual councilman-at-large, made a formal request and demand upon defendant to draft a resolution for presentation to council, which request and demand was refused by defendant.

The Lakewood City Council has seven members, four elected by ward voters and three elected at large by all voters of the city. The city charter (Article IX) provides for partisan elections.

Defendant has refused to draft legislation for individual councilmen for the reason that, in the absence of a specific rule of council relating to the introduction of legislation, by long established practice, tradition and precedent, such legislation is prepared only at the request of a majority of city council or a committee of council to which a matter has been referred, or at the request of the mayor or designated department heads with the approval of the mayor.

---

[2] Defendant's position as the director of law of the City of Lakewood is a part-time position; he is appointed by the Mayor with approval of Council. Findings of Fact and Conclusions of Law by Trial Court.

After a hearing on the merits the trial court ruled in favor of the defendant-appellee. From this ruling, appellant appeals and assigns three errors:

"I. The most elementary principles of legislative construction are:

"1. That legislative language is to be taken in its plain, ordinary and natural meaning,

"2. That one who claims that the plain meaning of legislative language should not apply has the difficult burden of demonstrating that it should be given a different meaning, and

"3. That reasonable classification in the law must be based upon some substantial distinction and reason of public policy, and must not produce arbitrary results or a senseless distinction and unequal operation.

"Where, as in the case at bar, a municipal charter provision specifies that the law director 'shall be the legal advisor of and attorney and counsel for the city, and for all officers and departments thereof in matters relating to their official duties,' and a state statute specifies that 'the city solicitor shall prepare all contracts, bonds and other instruments in writing in which the city is concerned,' the plain, ordinary and natural meaning of the legislative language of said charter and statute is that included within the duties of defendant law director is the drafting of legislation at the request of plaintiff councilman in matters relating to his official duties. To give said plain and ordinary legislative language a contrary interpretation would result in an ureasonable classification among public municipal officers, producing an arbitrary result, a senseless distinction and an unequal operation of law.

"II. The defense advanced herein, that the issue before the court is to be determined by rules of council and not by the Lakewood charter, is without foundation for the reason that although council may determine its own rules or parliamentary usage as to procedure, the council as a creature of the charter cannot under any circumstances rise above the powers of its creator, the sovereign people, and by action or inaction on such rules repeal or modify

the charter or subvert its plain meaning without the consent of the people.

"III. A golden rule of legislative interpretation is that the practical results and consequences of the court's interpretation of legislative language is a prime consideration of the courts and the courts will reject an interpretation which has unreasonable, objectionable results and absurd, mischievous consequences in favor of an interpretation which promotes sound public policy and protects the public interest. In the case at bar, interpretation of the defendant law director's duties under the law to exclude the drafting of legislation at plaintiff councilman's request in matters relating to his official duties results in absurd and mischievous consequences. While interpretation of defendant law director's duties under the law to include the drafting of legislation at plaintiff councilman's request in matters relating to his official duties promotes sound public policy and protects the public interest."

After a careful review of the applicable law and the evidence adduced at the hearing on the merits, we find the errors assigned by appellant to be without merit.

The duties of the appellee director of law are specified in Article VII of the Amended Charter of the City of Lakewood. Section 1 of Article VII provides in pertinent part that:

"The Director of Law shall be an attorney at law admitted to practice in the State of Ohio, and shall be an elector of the City. *He shall be the legal advisor of and attorney and counsel for the City, and for all officers and departments thereof in matters relating to their official duties. He shall prepare all contracts, bonds and other instruments in writing in which the City is concerned* and shall endorse on each his approval of the form and correctness thereof. He shall appoint such assistants and assign their duties as Council may authorize." (Emphasis added.)

Section 2 of Article VII further provides that:

"In addition to the duties imposed upon the Director of Law by this Charter or required of him by ordinance,

*he shall perform the duties which are imposed upon city solicitors by the general laws of the state,* beyond the competence of this Charter to alter or require." (Emphasis added.)

The general laws of Ohio, R. C. 733.51, relating to the powers and duties of a city solicitor provide that "[t]he city solicitor shall prepare all contracts, bonds, and other instruments in writing in which the city is concerned * * *."

It is quite apparent from the language of the third sentence of Section 1, Article VII, of the Lakewood City Charter that the duties imposed upon the law director are the same as those imposed pursuant to the provisions of R. C. 733.51; consequently, the construction of the two provisions should be the same.

The three errors assigned by appellant present two arguments in support of his position. He initially contends that the clear meaning of the second sentence of Section 1, Article VII, of the Lakewood City Charter mandates the law director to draft legislation at the request of individual councilmen. Secondly, he argues that one of the "other instruments in writing" referred to in R. C. 733.51 is a city ordinance or resolution .

We will consider appellant's second argument first. In the construction of laws the *ejusdem generis* rule is applied. The Ohio Supreme Court has held that:

"Under the rule of *ejusdem generis,* where in a statute terms are first used which are confined to a particular class of objects having well-known and definite features and characteristics, and then afterwards a term having perhaps a broader signification is conjoined, such latter term is, as indicative of legislative intent, to be considered as embracing only things of a similar character as those comprehended by the preceding limited and confined terms." *State* v. *Aspell* (1967), 10 Ohio St. 2d 1 (paragraph two of the syllabus). See also, *State* v. *Saionz* (1969), 23 Ohio App. 2d 79.

Applying this rule of construction to the language of R. C. 733.51, the phrase "other instruments in writing"

contained therein must be interpreted as limiting the written instruments required to be prepared by the city solicitor to written documents similar in nature to those characterized in the statute as "contracts and bonds." Since municipal legislation, ordinance or resolution, is not similar in character to a contract or bond, we must conclude that R. C. 733.51 does not require, and that it was not the intent of the General Assembly to require, a city solicitor to draft municipal ordinances at the request of individual councilmen.

In his initial argument the appellant asks this court to interpret Section 1, Article VII, of the Lakewood City Charter. Specifically, he asks this court to hold that the plain meaning of the phrase, "* * * [h]e shall be the legal advisor of and attorney and counsel for the City, and all officers and departments thereof in matters relating to their official duties," is that the law director has a mandatory duty to draft legislation at the request of individual members of the city council. We disagree.

Section 1, Article VII, cannot be read in the abstract, rather it must be interpreted in light of other provisions of the city charter, specifically, Section 5, Article III. This section states: ". . . [t]he Council shall determine its own rules and order of business and shall keep a journal of its proceedings." The trial court found, and it is not disputed by appellant, that pursuant to the authority of Section 5, Article III, the Lakewood City Council established the following procedure for drafting of legislation:

"Whenever a councilman wished a subject brought up at a Council meeting, he would request that it be placed on the agenda, and the matter would then be discussed by Council at its next meeting. Council could then request that legislation be drafted or refer the matter to committee. Thereafter, if the committee desired legislation be drafted, it would make a request of the Law Director. Testimony further indicated that it had long been the practice in the City of Lakewood that the Law Director draft legislation only when requested to do so by the administration, a Council resolution, or by a committee of Council."

We hold that pursuant to Section 1, Article VII, of the Lakewood City Charter, the law director of the city of Lakewood is legal advisor and counsel to the city council as a unit, as that body is a branch or department of the city government. The council, pursuant to Section 5, Article III, is empowered to establish its own procedures enabling the law director to perform this function as attorney for city council. Such procedures are not invalid so long as they bear a reasonable relationship to that purpose, are not discriminatory, and do not tend to disenfranchise voters of the city.

The procedure established by the Lakewood City Council insures the ability of the law director to fulfill his official function to the council pursuant to both Section 1, Article VII, and Section 5, Article III, of the city charter. Further, this procedure neither discriminates against nor disenfranchises any qualified voter of the city of Lakewood.

Accordingly, we overrule the errors assigned by appellant and affirm the judgment of the trial court.

*Judgment affirmed.*

CORRIGAN, P. J., and PRYATEL, J., concur.