OPINION
{¶ 1} In 2002, appellant, Brice Kibler, filed a complaint against appellee, Timothy Corder, for various claims involving the parties' limited liability company, Corder-Kibler, Ltd. The case was resolved by settlement agreement dated January 13, 2003.
 {¶ 2} On November 20, 2003, appellee filed a complaint against appellant alleging breach of the settlement agreement and seeking declaratory judgment. Appellant filed a counterclaim alleging breach and conversion of proceeds. Both parties filed motions for summary judgment regarding the declaratory judgment. By judgment entry filed October 15, 2004, the trial court granted appellee's motion and denied appellant's. By nunc pro tunc entry filed November 15, 2004, the trial court incorporated the October judgment, stayed the remaining issues and found no just cause for delay.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follow:
 I {¶ 4} "The trial court erred as a matter of law by granting plaintiff-appellee's motion for summary judgment on plaintiff-Appellee's declaratory judgment acton."
 II {¶ 5} "The trial court erred as a matter of law by denying defendant-appellant's motion for summary judgment on plaintiff-Appellee's declaratory judgment action."
 I, II {¶ 6} Appellant claims the trial court erred in granting summary judgment to appellee. Specifically, appellant claims the trial court erred in finding no ambiguity in the settlement agreement. We disagree.
 {¶ 7} Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v. Tompkins,75 Ohio St.3d 447, 448, 1996-Ohio-211:
 {¶ 8} "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex.rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511,628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274."
 {¶ 9} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35.
 {¶ 10} In reviewing a claim of ambiguous terms in a contract, the Supreme Court of Ohio held, "Common words appearing in a written instrument will be given their ordinary meaning unless manifest absurdity results, or unless some other meaning is clearly evidenced from the face or overall contents of the instrument." Alexander v. Buckeye Pipe Line Company (1978),53 Ohio App.2d 241, paragraph two of the syllabus.
 {¶ 11} Provisions of the settlement agreement at issue are as follows:
 {¶ 12} "2. The proceeds from the sale of the twelve (12) remaining lots, the acreage being sold to Steven Stacey and the remaining approximately thirty-five (35) acres of undeveloped property will first be utilized to pay the outstanding indebtedness of Corder-Kibler, Ltd. Including the personal loan made by Brice T. Kibler to Corder-Kibler, Ltd.
 {¶ 13} "3. In addition to the foregoing, Brice T. Kibler will be paid an additional $50,000. The money will be paid at the rate of $5,000 per lot sold until the entire $50,000 is paid. If the thirty-five (35) acres of undeveloped land is sold, any outstanding balance remaining on the $50,000 will be paid out of the proceeds. This debt will be secured by mortgage on the properties.
 {¶ 14} "4. All monies remaining from the sale of property as outlined above will be divided equally between Timothy L. Corder and Brice T. Kibler with the exception that $200 from each lot sold will be deposited in the Corder-Kibler, Ltd. Account as and for future tax liabilities."
 {¶ 15} The trial court was presented with the four corners of the settlement agreement and appellant's affidavit containing extrinsic evidence.
 {¶ 16} It is appellant's position that the $5,000 he is to receive from each lot sale should come from appellee's share after a fifty/fifty distribution of the proceeds. Appellant argues the effect of receiving the $5,000 prior to the fifty/fifty split is to have him pay himself $2,500 or one-half of the amount due from each sale.
 {¶ 17} It is clear from the language of paragraph three cited supra that appellant is to receive an additional $50,000 after the debts of Corder-Kibler, Ltd. are paid. By using the words "In addition to the foregoing," the agreement implicitly states appellant is to receive his $50,000 settlement money from the proceeds of the lot sales.
 {¶ 18} The trial court found the agreement did not contemplate a division of proceeds as argued by appellant. The agreement speaks to the distribution of the assets of Corder-Kibler, Ltd., not the assets or obligations of the individual parties. The preamble to the agreement defines the scope of the agreement, "The parties have determined it is in their best interest to dissolve Corder-Kibler, Ltd. and comprise their differences." Each party gave the other "mutual releases" and provided for some monies to remain in Corder-Kibler, Ltd.'s account for tax liabilities. As noted in the real estate settlement statements, the properties sold were owned by Corder-Kibler, Ltd.
 {¶ 19} Upon review, despite appellant's arguments, we find from the four corners of the settlement agreement the language therein is clear and unambiguous and not subject to further interpretation.
 {¶ 20} The sole assignment of error is denied.
 {¶ 21} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.
Farmer, J. and Boggins, P.J. concur. Hoffman, J. concurs separately.