OPINION
{¶ 1} James and Dorothy Wells own eighty-two acres of land in Guernsey County, Ohio. The land was subject to an oil and gas lease to Eastern Operating Company which was recorded in 1969. Eastern Operating drilled and developed an oil and gas well known as the "Clinton well" or "Clinton formation."
 {¶ 2} On October 27, 1980, the lease was extinguished and the Wellses received absolute title and ownership of the well by forfeiture. On December 5, 1980, the Wellses sold, assigned and transferred to appellant, Walter Fox, a fifty percent interest in the well and the forty acres surrounding it.[1]
 {¶ 3} In July of 2004, the Wellses leased to appellee, Artex Oil Company, the oil and gas rights on the remaining forty-two acres plus the forty acres to those formations under the Clinton formation.
 {¶ 4} On August 31, 2004, appellee filed a declaratory judgment and quiet title action against the Wellses and appellant seeking a declaration of appellant's rights under the oil and gas lease. Both appellant and appellee filed motions for summary judgment. By judgment entry filed May 25, 2005, the trial court denied the motions.
 {¶ 5} A bench trial commenced on May 31, 2005. By judgment entry filed June 20, 2005, the trial court declared appellant's rights to be a fifty percent working interest in the Clinton well and the forty acres surrounding the well to the Clinton formation only.
 {¶ 6} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 7} "THE TRIAL ERRED AS A MATTER OF LAW BY OVERRULING APPELLANT FOX'S MOTION FOR SUMMARY JUDGMENT AND NOT HOLDING THAT HIS INTEREST IN THE OIL AND GAS LEASE ASSIGNMENT TRANSFERRED AN INTEREST IN 40 ACRES SURROUNDING AN EXISTING WELL AND ALL FORMATIONS THEREWITH."
 II {¶ 8} "THE TRIAL COURT ERRED AS A MATTER OF LAW BY DECLARING THAT APPELLANT FOX'S ASSIGNMENT WAS LIMITED TO THE WORKING INTEREST ONLY IN THE WELL AND HIS LEASEHOLD RIGHTS DID NOT INCLUDE THE SURROUNDING 40 ACRES OF THE WELL AND ALL FORMATIONS THEREUNDER."
 I, II {¶ 9} Appellant claims the trial court erred in denying his motion for summary judgment. Specifically, appellant claims the trial court erred in finding the lease was ambiguous, and the leasehold was limited to a working interest in the well and did not include the surrounding forty acres.
 {¶ 10} Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v. Tompkins,75 Ohio St.3d 447, 448, 1996-Ohio-211:
 {¶ 11} "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex.rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511,628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274."
 {¶ 12} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35.
 {¶ 13} The leasehold issue is whether or not the terms of the lease are ambiguous. In reviewing a claim of ambiguous terms in a contract, the Supreme Court of Ohio held, "Common words appearing in a written instrument will be given their ordinary meaning unless manifest absurdity results, or unless some other meaning is clearly evidenced from the face or overall contents of the instrument." Alexander v. Buckeye Pipe Line Company (1978),53 Ohio App.2d 241, paragraph two of the syllabus.
 {¶ 14} The lease stated that Mr. Wells "does hereby sell, assign, transfer and set over" to appellant the following:
 {¶ 15} "an undivided 50% Working Interest * * * in, and to, the oil and gas lease described as follows:
 {¶ 16} "Oil Gas Lease from James R. Wells and Dorothy Wells, to James R. Wells, dated Dec 5, 1980, and recorded 1980, in Volume 88, Page 402, of the Guernsey County Records, leases 82 acres.
 {¶ 17} "The interest herein assigned relates only to the existing well on the subject premises and 40 acres surrounding same." See, Assignment of Oil and Gas Lease, attached to Appellee's March 24, 2005 Motion for Summary Judgment as Plaintiff's Exhibit H.
 {¶ 18} In Conclusion of Law No. 6, the trial court found the language was subject to more than one interpretation and therefore was ambiguous. We agree for the following reasons.
 {¶ 19} First, there is no metes and bounds description of the "40 acres." Secondly, the lease references a prior oil and gas lease recorded in "Volume 88, Page 402, of the Guernsey County Records." We have reviewed this lease and did not find a description of the property except for the following:
 {¶ 20} "* * * certain tract of land situated in Knox Township.
 {¶ 21} "(Lot No.) (Section No.) 23 in Guernsey County, Ohio bounded substantially as follows:
 {¶ 22} "North by lands of Wooten
 {¶ 23} "East by lands of Loraine Gibson
 {¶ 24} "South by lands of Carl Wilson
 {¶ 25} "West by lands of Carl Wilson
 {¶ 26} "being all the property owned by Lessor in Section/Lot ____ of ____ Township, containing 82 acres, more or less." See, Lease, attached to Appellee's March 24, 2005 Motion for Summary Judgment as Plaintiff's Exhibit G.
 {¶ 27} The original oil and gas lease of 1969 includes the same description. See, Oil and Gas Lease, attached to Appellee's March 24, 2005 Motion for Summary Judgment as Plaintiff's Exhibit D. Plaintiff's Exhibit H therein is the December 1980 Assignment of Oil and Gas Lease to appellant and it is for the existing well only.
 {¶ 28} We conclude on the face of the recorded instruments, there is no way to determine where the 40 acres lie in the tract. Lastly, we know from the stipulated facts in a previous case, Case No. 31165, that the Wellses owned ninety-five acres in the tract described as Knox Township, Guernsey County, Ohio, Section 23. See, Judgment Entry, attached to Appellee's March 24, 2005 Motion for Summary Judgment as Plaintiff's Exhibit E.
 {¶ 29} Because we have concurred that an ambiguity exists as to the interpretation of the leasehold language, we are now permitted to look at the parol evidence surrounding the lease. When terms of an agreement are ambiguous, parol evidence may be used to explain the understanding of the parties at the time the agreement was entered into. See, Ohio Crane Co. v. Hicks
(1924), 110 Ohio St. 168.
 {¶ 30} The trial court found the ambiguous language meant appellant had a fifty percent working interest in the existing well, the Clinton well, with forty acres surrounding "as required by well spacing requirements of the State of Ohio." See, Conclusion of Law No. 8. The trial court also found "this interest is in the Clinton well, to the Clinton formation only."
 {¶ 31} In the affidavits which were the basis of the trial court's decision, Mr. Wells claimed "there was no intention to create in Walter F. Fox any more interest in the lease other than the working interest in the existing well unit, as it is clearly stated on the face of the assignment document recorded in Volume 88, Page 404." See, Wells aff. at ¶ 14. Appellant's affidavit at ¶ 10 states the well "could be deepened to other formations as there is no limitation whatsoever that the Assignment or the underlying lease are limited to only the Clinton Sandstone formation."
 {¶ 32} The disputed facts were tried to the bench. A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction Co. (1978),54 Ohio St.2d 279. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. Myers v. Garson, 66 Ohio St.3d 610,1993-Ohio-9. We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. State v. Jamison (1990), 49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881.
 {¶ 33} During trial, Mr. Wells testified he intended to transfer to appellant only a fifty percent working interest in the existing well. T. at 34-35. He also testified he was aware the existing well was a Clinton well and knew the depth of that well was to the Clinton formation at time of transfer to appellee. T. at 39-40. The inclusion of the forty acre language was for the State of Ohio regulations requiring forty acres of space per well. T. at 41, 48. Mr. Wells specifically denied appellant's allegations that they had discussed deepening the well. T. at 47-48.
 {¶ 34} Richard Dailey, appellee's representative, testified in order to deepen the well, a new permit would be required because it would be a new well producing from a different formation, not an existing well. T. at 69-70. The Clinton well is no longer operational and the state no longer recognizes an operator of the well. T. at 70.
 {¶ 35} Appellant testified he believed he was "getting half interest in the lease which included the well." T. at 77. He testified he paid for a fifty percent interest, and put in a pipeline to Mr. Wells's home. T. at 77, 80-81. Appellant claims Mr. Wells asked him to sign an assignment "so someone could come in and drill another well on that 82 acres." T. at 81.
 {¶ 36} Clearly the trial court is the judge of credibility at the trial and it found Mr. Wells's testimony to be more credible. Appellant essentially concedes his interest were in the existing well. T. at 89. The existing well was the Clinton well that is inoperable and is shut down. Therefore, accepting the testimony of Mr. Wells vis à vis the testimony of appellant, appellant's interest in the lease was to the Clinton formation only.
 {¶ 37} Upon review, we find the record contains sufficient credible evidence to support the trial court's conclusions on the meaning of the leasehold language.
 {¶ 38} Assignment of Error I and II are denied.
 {¶ 39} The judgment of the Court of Common Pleas of Guernsey County, Ohio is hereby affirmed.
Farmer, J. Gwin, P.J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Guernsey County, Ohio is affirmed.
[1] The assignment was "subject to a 1/32 of 7/8 Overriding Royalty retained by the Assignor and the landowner's 1/8 royalty." See, Assignment of Oil and Gas Lease, attached to Appellee's March 24, 2005 Motion for Summary Judgment as Plaintiff's Exhibit H.