[Cite as *SPG, Inc. v. First St. Dev., L.L.C.*, 2016-Ohio-2824.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| SPG, INC., DBA ST. CLAIR/PAVLIS GROUP | : | JUDGES: |
| | : | |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellant | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 2015CA000140 |
| | : | |
| FIRST STREET DEVELOPMENT, LLC | : | |
| | : | |
| | : | |
| | : | |
| Defendant-Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Stark County Court of Common Pleas, Case No. 2013CV03148

JUDGMENT:                       AFFIRMED

DATE OF JUDGMENT ENTRY:      May 2, 2016

APPEARANCES:

For Plaintiff-Appellant:

JOHN A. MURPHY, JR.
KRISTEN S. MOORE
200 Market Ave. N.
P.O. Box 24213
Canton, OH 44701-4213

For Defendant-Appellee:

RALPH F. DUBLIKAR
400 South Main St.
North Canton, OH 44720

*Delaney, J.*

{¶1}   Plaintiff-Appellant SPG, Inc., DBA St. Clair/Pavlis Group appeals the July 6, 2015 judgment entry of the Stark County Court of Common Pleas.

## FACTS AND PROCEDURAL HISTORY

{¶2}   On December 9, 2013, Plaintiff-Appellant SPG, Inc. dba St. Clair/Pavlis Group ("SPG") filed a complaint in the Stark County Court of Common Pleas against Defendant-Appellee First Street Development, LLC ("First Street"). In the complaint, SPG alleged that First Street owed $58,949.66 for unpaid construction services and raised claims for breach of contract, unjust enrichment, and fraud. First Street filed an answer and counterclaim, alleging fraudulent billing, invalid mechanic's lien, and fraudulent inducement. SPG filed an amended prayer requesting $57,299.66 in damages plus $5,000 on its claim for fraud.

{¶3}   The matter came on for a bench trial on May 13, 2015. The following evidence was adduced at trial.

{¶4}   SPG is a construction company owned and operated by John Pavlis. First Street is a company owned by John Eisenhut, Steve DiPietro, and David DiPietro.

{¶5}   In the summer of 2012, SPG was doing construction work in a large industrial building located in Massillon, Ohio owned by First Street. First Street was subdividing the building into tenant units. While SPG was working on another portion of the building, First Street approached SPG about completing a new space for its tenant, Frank's Casing Crew & Rental Tools, Inc. ("Frank's").

{¶6}   On March 3, 2012, First Street entered into a lease agreement with Frank's. Frank's was to lease a portion of the building, Pursuant to the terms of the lease, Frank's

had 30 days to construct on the leased space those alterations and improvements described in "Exhibit B" attached to the lease and referred to as "Initial Alterations." The Initial Alterations were to be constructed at Frank's sole cost and expense. Frank's and First Street never attached Exhibit B to the lease agreement. The lease also stated that First Street agreed to provide a sewer connection to the leased space.

{¶7} First Street requested SPG to complete a sewer hookup, construct bathrooms, install an industrial garage door, and other work to get the space ready for Frank's. First Street told SPG that the work needed to be done quickly. First Street and SPG entered into an oral contract where SPG would complete the construction work under a costs plus 10% agreement (5% overhead and 5% profit). SPG also entered into an oral contract with Frank's to complete construction of the leased space at an agreed rate of costs plus 15%. SPG began the work in June 2012.

{¶8} SPG completed the work to the leased space and Frank's moved in by September 2012. The parties agree there was no dispute about the quality of the work done by SPG. The dispute in this case involves which company was to pay SPG for the work completed to the leased space.

{¶9} First Street requested that SPG send all invoices for work completed under SPG's agreement with Frank's to First Street. On September 27, 2012, SPG submitted an invoice for work completed under SPG's agreement with Frank's under Job Number 3273 in the amount of $151,007.92. First Street amended the SPG invoice to reduce the amount to $142,772.20 and sent the invoice to Frank's on October 24, 2012. Counsel for First Street sent Frank's a letter on November 2, 2012 requesting that it pay SPG in the amount of $142,772.20. Frank's did not pay the invoice.

{¶10} Sometime in November 2012, John Pavlis, the principal of SPG, met with the members of First Street. Pavlis indicated he would be filing a lawsuit against Frank's for its failure to pay its invoice. According to the members of First Street, Pavlis indicated he would be including First Street as a party defendant. He would also be placing a mechanic's lien on the premises. Pavlis told First Street that naming First Street in the lawsuit was a formality and would not cost it anything.

{¶11} In November 2012, it was unknown how much First Street owed SPG for the work completed on the leased space. On November 19, 2012, First Street paid SPG $25,000.00.

{¶12} SPG filed a mechanic's lien on November 20, 2012, against both First Street and Frank's.

{¶13} On December 7, 2012, SPG filed a complaint in the Stark County Court of Common Pleas against Frank's and First Street in Case No. 2012 CV 03795. In the complaint, SPG brought claims for breach of contract, unjust enrichment, and foreclosure on the mechanic's lien. Count One of the complaint alleged it entered into a contract with Frank's whereby SPG would provide labor and materials to Frank's at the leased space. SPG attached an invoice to the complaint dated October 29, 2012 under Job Number 3273 that showed the balance on account was $146,885.40. SPG stated Frank's failed to pay the balance of the invoice. Count Three of the complaint stated that SPG entered into a contract with First Street whereby SPG would provide labor and materials to First Street for the construction of the leased space. SPG referred to the same invoice under Job Number 3273 to state that First Street failed to pay the balance of the invoice and owed $146,885.40.

{¶14}  Mediation was scheduled for August 21, 2013. Prior to mediation, Pavlis met with the members of First Street. The members alleged that Pavlis asked First Street to offer $30,000 in mediation to leverage Frank's.

{¶15} During the mediation, SPG attempted to raise the issue of the balance due from First Street for the work completed under the contract between SPG and First Street. SPG alleged the amount owed by First Street under its contract was approximately $54,000. The mediator would not allow the contract between SPG and First Street to be raised at the mediation. The mediation conference resulted in a purported settlement between the parties. The August 22, 2013 report of mediation stated Frank's was to pay SPG $110,000. First Street was to pay SPG $35,000 at the closing of First Street's refinancing of the building. SPG was to release the mechanic's lien against First Street to allow the refinancing of the building.

{¶16} Subsequent to the filing of the mediation report, Pavlis and First Street agreed that First Street would pay $30,000 instead of $35,000.

{¶17} On August 23, 2013, counsel for First Street delivered a $30,000 check to counsel for SPG. First Street's counsel was instructed that, in exchange for the $30,000 payment, he was to obtain a release of the mechanic's lien and to record the release that day. When First Street's counsel attempted to deliver the $30,000 payment to SPG's counsel, SPG's counsel presented him with a letter. The letter, dated August 23, 2013 and sent by email to First Street's counsel, stated that when Case No. 2012 CV 03795 was settled at mediation, an additional $54,000 was due from First Street. Counsel for First Street did not see the email before he delivered the check. First Street's counsel testified that he felt pressured to write "confirmed" on the letter in order to obtain the

release on the mechanic's lien. He did not have permission from his client to make such an agreement. The release of the mechanic's lien was recorded on August 23, 2013.

{¶18} First Street's counsel sent an email to SPG's counsel on August 26, 2013 stating the release of the mechanic's lien was not conditioned upon the payment of an additional $54,000 to SPG. The email further stated the amount First Street owed SPG had yet to be determined because no documentation was provided to First Street. SPG's counsel responded that the $54,000 balance was raised at mediation.

{¶19} The parties filed motions to enforce the settlement with the trial court in Case No. 2012 CV 03795. On November 13, 2013, the parties entered into a Mutual Release of All Claims. The pertinent terms of the Mutual Release are as follows:

* * *

WHEREAS, the Parties to said lawsuit desire to settle all claims upon the consideration set forth in this Mutual Release and upon payment of the sum of ONE HUNDRED TEN THOUSAND DOLLARS ($110,000.00) by Frank's to SPG, and the sum of THIRTY-FIVE THOUSAND DOLLARS ($35,000.00) by First Street to SPG, the receipt of which is hereby acknowledged;

NOW, THEREFORE in consideration of said payment and in further consideration of the terms and conditions of this Mutual Release, each of the Parties * * *, do hereby fully and forever release and discharge all Parties * * * from any and all claims, actions, demands, debts, and contracts whatsoever that now exist or may hereafter accrue against any of the

Parties to said lawsuit regarding matters set forth in the pleadings of said lawsuit, which are incorporated herein specifically by reference.

* * *

It is understood and agreed that this Release includes but is not limited to all claims and demands set forth in Case Number 2012CV03795 and that said cause of action shall forthwith be dismissed without prejudice. A copy of the Dismissal Entry is attached hereto as Exhibit "A."

Any existing obligation of First Street to SPG is excluded from this Mutual Release, as between those two parties.

* * *

* * * and that said settlement and compromise are made to terminate further controversy respecting all claims for damages that any of the Parties hereto have heretofore asserted or might hereafter assert with respect to the matters set forth in the pleadings in Case Number 2012CV03795.

{¶20} First Street conceded that First Street owed SPG an additional amount of money, but the parties could not agree as to the amount. Counsel for First Street and members of First Street requested documentation from SPG to determine the amount owed. First Street argued it never received complete and reconcilable documents from SPG to verify the amount SPG claimed it was owed.

{¶21} At trial, SPG submitted two invoices it sent to First Street. Exhibit 1 was the first invoice under Job Number 3269 stated the total amount of work done under the contract was $79,812.66. The balance due was $54,812.66. Exhibit 2 was the second invoice under Job Number 3269 and stated the balance due was $58,949.66. At trial,

SPG presented Exhibit 13, which stated the total amount due was $82,299.67. First Street argued the total amount of the contract was $60,551.75.

{¶22} The next issue in conflict was the amount First Street had paid to SPG. There was no dispute that First Street paid SPG $25,000 and it was agreed this amount was paid towards the contract between SPG and First Street. The issue in contention was the $30,000 payment from First Street to SPG. SPG argued the $30,000 payment from First Street was to settle the matter between SPG and Frank's and went towards the contract between SPG and Frank's. First Street argued the $30,000 payment was towards the balance owed on the contract between SPG and First Street. Accordingly, SPG argued First Street owed $57,299.67. First Street argued it owed $5,551.75.

{¶23} The trial court issued its Findings of Fact and Conclusions of Law on July 6, 2015. The trial court found the total amount due on the contract between First Street and SPG was $82,299.67. The trial court applied the $25,000 payment from First Street to SPG and concluded the balance due was $57,299.67. The trial court next found that any amounts paid by First Street in Case No. 2012 CV 03795 were to be applied to First Street's invoices. Accordingly, the trial court deducted First Street's $30,000 payment from the $57,299.67 balance and concluded First Street owed SPG $27,299.67 on the complaint.

{¶24} The trial court further held that neither party met their burden to show it was entitled to punitive damages or attorney's fees based on any claims of fraud in the complaint or counterclaim.

{¶25} The trial court journalized its decision in a judgment entry filed July 6, 2015. It is from this entry SPG now appeals.

**ASSIGNMENTS OF ERROR**

{¶26} SPG raises five Assignments of Error:

{¶27} "I. THE TRIAL COURT ERRED IN RE-WRITING THE LANGUAGE OF THE RELEASE TO EXCULPATE A $30,000 DEBT OWED FROM FIRST STREET TO SPG.

{¶28} "II. THE TRIAL COURT ERRED IN CONSIDERING PAROL EVIDENCE RATHER THAN APPLYING THE PLAIN LANGUAGE OF THE RELEASE.

{¶29} "III. ASSUMING, ARGUENDO, IT WAS APPROPRIATE FOR THE TRIAL COURT TO CONSIDER PAROL EVIDENCE, THE EVIDENCE DEMONSTRATED THAT THE $30,000 WAS PAID IN CONSIDERATION FOR SETTLEMENT OF CLAIMS RELATING TO JOB NUMBER 3273.

{¶30} "IV. THE TRIAL COURT ERRED IN FAILING TO GIVE ANY EFFECT TO THE POST-MEDIATION COMPROMISE SIGNED BY FIRST STREET'S COUNSEL.

{¶31} "V. THE TRIAL COURT ERRED BY INCORRECTLY CALCULATING SPG'S DAMAGES."

**ANALYSIS**

***Standard of Review***

{¶32} As an appellate court, we are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent, and credible evidence upon which the fact finder could base his or her judgment. *Peterson v. Peterson,* 5th Dist. Muskingum No. CT2003–0049, 2004–Ohio–4714, ¶ 10, citing *Cross Truck v. Jeffries,* 5th Dist. Stark No. CA–5758, 1982 WL 2911 (Feb. 10, 1982). Questions of law are reviewed by the court de novo. *Erie Ins. Co. v. Paradise,* 5th Dist. Fairfield No. 2008CA00084, 2009–Ohio–4005, ¶ 12.

{¶33} In *Eastley v. Volkman,* 132 Ohio St.3d 328, 2012–Ohio–2179, 972 N.E.2d 517, the Ohio Supreme Court clarified the standard of review appellate courts should apply when assessing the manifest weight of the evidence in a civil case. *SST Bearing Corp. v. Twin City Fan Companies, Ltd.,* 1st Dist. Hamilton No. C110611, 2012–Ohio–2490, ¶ 16. The Ohio Supreme Court held the standard of review for manifest weight of the evidence for criminal cases stated in *State v. Thompkins,* 78 Ohio St.3d 380, 678 N.E.2d 541 (1997), is also applicable in civil cases. *Eastley,* at ¶ 17–19, 972 N.E.2d 517. A reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine "whether in resolving conflicts in the evidence, the finder of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered." *Eastley,* at ¶ 20 quoting *Tewarson v. Simon,* 141 Ohio App.3d 103, 115, 750 N.E.2d 176 (9th Dist.2001); *See also Sheet Metal Workers Local Union No. 33 v. Sutton,* 5th Dist. Stark No. 2011CA00262, 2012–Ohio–3549 citing *State v. Martin,* 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶34} "In a civil case, in which the burden of persuasion is only by a preponderance of the evidence, rather than beyond a reasonable doubt, evidence must still exist on each element (sufficiency) and the evidence on each element must satisfy the burden of persuasion (weight)." *Eastley,* at ¶ 19.

{¶35} In the case of contracts, the construction of the writing is a matter of law, which is reviewed de novo. *See, Martin v. Lake Mohawk Property Owner's Ass'n,* 7th Dist. Carroll No. 04 CA 815, 2005–Ohio–7062, ¶ 23, citing *Long Beach Assn., Inc. v. Jones,* 82 Ohio St.3d 574, 576, 697 N.E.2d 208 (1998). Under a de novo review, an appellate

court may interpret the language of the contract substituting its interpretation for that of the trial court. *Witte v. Protek Ltd.,* 5th Dist. Stark No. 2009CA00230, 2010–Ohio–1193, ¶ 6, citing *Children's Medical Center v. Ward,* 87 Ohio App.3d 504, 622 N.E.2d 692 (2nd Dist.1993).

### I.

{¶36} SPG argues in its first Assignment of Error that the trial court impermissibly re-wrote the terms of the Mutual Release to apply the $30,000 payment from First Street towards the contract between SPG and First Street. We disagree.

{¶37} When confronted with an issue of contract interpretation, our role is to give effect to the intent of the parties. *Gen. Elec. Capital Corp. v. Tartan Fields Golf Club, Ltd.*, 5th Dist. Delaware No., 2013–Ohio–4875, 1 N.E.3d 463, ¶ 19 citing *Westfield Ins. Group v. Affinia Dev., L.L.C.*, 2012–Ohio–5348, 982 N.E.2d 132, ¶ 21 (5th Dist.). We will examine the contract as a whole and presume that the intent of the parties is reflected in the language of the contract. In addition, we will look to the plain and ordinary meaning of the language used in the contract unless another meaning is clearly apparent from the contents of the agreement. When the language of a written contract is clear, a court may look no further than the writing itself to find the intent of the parties. "As a matter of law, a contract is unambiguous if it can be given a definite legal meaning." *Sunoco, Inc. (R & M) v. Toledo Edison, Co.*, 129 Ohio St.3d 397, 2011–Ohio–2720, 953 N.E.2d 285, ¶ 37 citing *Westfield Ins. Co. v. Galatis*, 100 Ohio St.3d 216, 2003–Ohio–5849, 797 N.E.2d 1256, ¶ 11.

{¶38} However, where the contract language is reasonably susceptible of more than one interpretation, the meaning of the ambiguous language is a question of fact. *Ohio Historical Soc. v. Gen. Maint. & Eng. Co.*, 65 Ohio App.3d 139, 146, 583 N.E.2d 340

(10th Dist.1989). "Only when the language of a contract is unclear or ambiguous, or when the circumstances surrounding the agreement invest the language of the contract with a special meaning will extrinsic evidence be considered in an effort to give effect to the parties' intentions." *Shifrin v. Forest City Ent., Inc.*, 64 Ohio St.3d 635, 638, 597 N.E.2d 499 (1992), syllabus.

{¶39} SPG argues the clear and unambiguous language of the Mutual Release demonstrates the $30,000 payment by First Street was made in consideration for the dismissal of Case No. 2012 CV 03795. SPG's complaint in Case No. 2012 CV 03795 alleged a claim of breach of contract against Frank's with damages in the amount of $146,885.40. The damages were based on SPG's October 29, 2012 invoice to Frank's under Job Number 3273. SPG also brought a breach of contract claim against First Street alleging damages in the amount of $146,885.40 pursuant to the same invoice.

{¶40} In SPG's appellate brief, SPG directs this Court to examine the use of the different Job Numbers to designate the work done under SPG's contract with First Street or Frank's. SPG designated Job Number 3273 for work done under Frank's contract. SPG designated Job Number 3269 for work done under First Street's contract. SPG argues the $30,000 should not be applied to the balance First Street owed to SPG under Job Number 3269 because that Job Number that was not part of Case No. 2012 CV 03795. A thorough review of the record in this case, including the parties' proposed findings of fact and conclusions of law, shows that SPG did not bring to the trial court's attention the use of the different Job Numbers to explain how the $30,000 from First Street should be applied. SPG raises this explanation utilizing the different Job Numbers for the first time on appeal.

{¶41} We then look to the language of the Mutual Release, as the trial court did, to determine if the trial court erred in applying the $30,000 to First Street's outstanding balance. We find the language of the Mutual Release was ambiguous as to the resolution of the obligations between SPG and First Street. The Mutual Release first states that Case No. 2012 CV 03795 was settled upon the payment of $35,000 by First Street to SPG. The Mutual Release goes on to state that any existing obligation of First Street to SPG is excluded from the Mutual Release. There is no definition or explanation of the meaning of "any existing obligation" in the Mutual Release. There is no reference in the Mutual Release as to Job Number 3273 or 3269. Accordingly, the ambiguous language becomes a question of fact where the trial court can use extrinsic evidence to determine the parties' intentions.

{¶42}  In Case No. 2012 CV 03795, SPG claimed both Frank's and First Street owed it $146,885.40 under Job Number 3273. Before SPG filed Case No. 2012 CV 03795, Pavlis met with the members of First Street and its counsel. Pavlis explained that SPG was naming First Street as a party defendant in its lawsuit against Frank's, but it was a "formality" and "would not cost First Street anything." (T. 318).

{¶43} The parties agree that at the time of mediation in Case No. 2012 CV 03795, there was an existing obligation of First Street to SPG. Steve DiPietro testified that before the mediation, Steve DiPietro spoke with Pavlis. Pavlis asked him to have First Street pay $30,000 to leverage Frank's into paying more than $110,000 to settle Case No. 2012 CV 03795. (T. 370). It was Steve DiPietro's understanding that the $30,000 would be applied to First Street's balance. (T. 371). There was no testimony as to which balance, either Job Number 3269 or 3273.

{¶44} Our role is to determine whether there is relevant, competent, and credible evidence upon which the fact finder could base his judgment. The trial court concluded

that any amounts paid by First Street in Case No. 2012 CV 03795 were to be applied to First Street's invoices. Since First Street admittedly and without dispute paid the plaintiff the sum of $55,000 [$25,000 plus $30,000], this amount should be properly deducted from any amounts that may have been invoiced to the defendant or for any amounts representing work properly performed by the plaintiff on behalf of the defendant.

We find the trial court's interpretation of the ambiguous language of the Mutual Release is supported by the evidence in the record.

{¶45} SPG's first Assignment of Error is overruled.

### II. and III.

{¶46} SPG argues in its second Assignment of Error that the trial court erred in considering parol evidence to interpret the language in the Mutual Release. SPG argues in its third Assignment of Error that if parol evidence was admissible, then the trial court erred when it applied the $30,000 payment to the balance owed by First Street.

{¶47} When terms of an agreement are ambiguous, parol evidence may be used to explain the understanding of the parties at the time the agreement was entered into. *Phillimore v. Butterbaugh*, 5th Dist. Richland No. 14CA32, 2014-Ohio-4641, ¶ 30 citing *Ohio Crane Co. v. Hicks*, 110 Ohio St. 168, 143 N.E. 388 (1924). If we determine a contract to be ambiguous, we must decide the meaning of the terms in the contract and this determination is a question of fact. *Id.* citing *Walter v. Agoston*, 12th Dist. Warren No. CA2003–03–039, 2004–Ohio–2488.

{¶48} We determined in the first Assignment of Error that the language of the Mutual Release was ambiguous as to the meaning of the provision, "Any existing obligation of First Street to SPG is excluded from this Mutual Release, as between those two parties." Pursuant to the parol evidence rule, "if a written contract does not contain the complete and exclusive statement of all the terms of the agreement, a factual determination of the parties' intent may be necessary to supply the missing term." *Jacco & Assoc., Inc. v. HVAC, Inc.*, 5th Dist. Tuscarawas No. 2013 AP 03 0016, 2014-Ohio-128, ¶ 46. In order to interpret the provision of the Mutual Release, the trial court utilized the evidence presented at trial to find that the $30,000 payment was to be applied to First Street's outstanding balance to SPG.

{¶49} We find no error for the trial court to utilize parol evidence to determine the parties' intent in this case. SPG's second Assignment of Error is overruled.

{¶50} In its third Assignment of Error, SPG contends the trial court's decision that the $30,000 payment was to be applied to First Street's outstanding balance was not supported by competent and credible evidence. We disagree. As we held in the first Assignment of Error, we find the evidence presented at trial supports the trial court's conclusion that the $30,000 payment was to be applied to First Street's outstanding balance. SPG's third Assignment of Error is overruled.

*IV.*

{¶51} SPG contends in its fourth Assignment of Error that the trial court erred in not giving any effect to the post-mediation compromise signed by counsel for First Street. In this Assignment, SPG is referring to the events that occurred on August 23, 2013. On August 23, 2013, counsel for First Street delivered a $30,000 check to counsel for SPG.

First Street's counsel was instructed that, in exchange for the $30,000 payment, he was to obtain a release of the mechanic's lien and to record the release that day. When First Street's counsel attempted to deliver the $30,000 payment to SPG's counsel, SPG's counsel presented him with a letter. The letter, dated August 23, 2013 and sent by email to First Street's counsel, stated that when Case No. 2012 CV 03795 was settled at mediation, an additional $54,000 was due from First Street. First Street's counsel testified he did not see the email before he delivered the $30,000 check. First Street's counsel testified that he felt pressured to write "confirmed" on the letter in order to obtain the release on the mechanic's lien. He testified he did not have permission from his client to make this agreement. The release of the mechanic's lien was recorded on August 23, 2013.

{¶52} SPG argues the meeting on August 23, 2013 between counsel for First Street and SPG was a settlement conference. It further argues the August 23, 2013 letter with the word "confirmed" written by counsel for First Street constituted a settlement agreement between First Street and SPG as to the amount owed. The trial court did not interpret the actions of counsel for First Street on August 23, 2013 as a settlement and we find the record supports its conclusion.

{¶53} Counsel for First Street testified at trial that he was sent to SPG's counsel's office for the specific purpose of delivering the $30,000 check from First Street to SPG. (T. 254). When he delivered the check, he was to obtain the release of the mechanic's lien and then he was to record the release. (T. 254). Counsel testified he had no authority from his client to confirm that it owed $54,000 as stated in the August 23, 2013 letter. (T. 260). On August 26, 2013, counsel for First Street emailed counsel for SPG in which he

specifically disclaimed any authority to confirm any type of settlement in the amount of $54,000. (T. 260). The email was entered as Plaintiff's Exhibit 8.

{¶54} The trial court considered this evidence and found the terms of the August 23, 2013 letter did not constitute a settlement. We find the trial court's conclusion is supported by competent, credible evidence.

{¶55} SPG's fourth Assignment of Error is overruled.

*V.*

{¶56} SPG argues in its fifth Assignment of Error that the trial court erred in the calculation of SPG's damages. It again refers to the trial court's finding that the $30,000 payment was to be applied to First Street's outstanding balance.

{¶57} At trial, SPG presented Exhibit 13. It outlined the costs of the contract between SPG and First Street as follows:

| | |
|---|---|
| $73,636.46 | TOTAL COSTS |
| | DEDUCT COSTS |
| $(1,079.49) | CODE 8350 |
| $(1,500.00) | CODE 5200 |
| $4,137.00 | ADDED BURDEN |
| $7,105.70 | 10% PROFIT |
| $82,299.67 | TOTAL |
| $25,000.00 | AMOUNT PAID |
| $57,299.67 | BALANCE DUE |

{¶58} The trial court applied the $30,000 payment to the balance due as presented in SPG's Exhibit 13 and found that First Street owed $27,299.67. Based on the evidence presented at the bench trial, we find the trial court's determination of damages to be supported by competent, credible evidence.

{¶59} SPG's fifth Assignment of Error is overruled.

**CONCLUSION**

{¶60} The judgment of the Stark County Court of Common Pleas is affirmed.

By: Delaney, J.,

Farmer, P.J. and

Gwin, J., concur.