*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 07a0292p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

DEBORAH P. O'NEILL,

　　　　　　　　　*Plaintiff-Appellant,*

　　　v.

KEMPER INSURANCE COMPANIES and LUMBERMEN'S
MUTUAL CASUALTY COMPANY,

　　　　　　　　　*Defendants-Appellees.*

No. 06-4416

>

---

Appeal from the United States District Court
for the Southern District of Ohio at Columbus.
No. 04-01135—Edmund A. Sargus, Jr., District Judge.

Argued: July 17, 2007

Decided and Filed: August 2, 2007

Before: MARTIN and McKEAGUE, Circuit Judges; GREER, District Judge.[*]

---

## COUNSEL

**ARGUED:** Lawrence J. Greger, Dayton, Ohio, for Appellant. Wilson G. Weisenfelder, Jr., RENDIGS, FRY, KIELY & DENNIS, Cincinnati, Ohio, for Appellees. **ON BRIEF:** Lawrence J. Greger, Dayton, Ohio, for Appellant. Wilson G. Weisenfelder, Jr., RENDIGS, FRY, KIELY & DENNIS, Cincinnati, Ohio, for Appellees.

---

## OPINION

---

　　　BOYCE F. MARTIN, JR., Circuit Judge. Deborah P. O'Neill brought an action against Kemper Insurance Companies and Lumbermen's Mutual Casualty Company alleging four claims for relief: (1) declaratory judgment as to the issue of reimbursement for attorneys' fees, costs and expenses under a professional liability insurance policy, (2) breach of contract, (3) bad faith, and (4) promissory estoppel. O'Neill moved for partial summary judgment on her claim for breach of contract. Defendants opposed her motion and moved for summary judgment on all of her claims. The district court denied O'Neill's motion and granted defendants' motion. We now AFFIRM.

---

[*]The Honorable J. Ronnie Greer, United States District Judge for the Eastern District of Tennessee, sitting by designation.

1

I.

The district court adequately laid out the facts in its decision and order granting summary judgment to defendants:

> This action arises as a result of proceedings before the Ohio Supreme Court's Board of Commissioners on Grievances and Discipline. Plaintiff held the position of Common Pleas Judge for Franklin County, Ohio from 1992 to 2004. On January 19, 2001, the Office of Disciplinary Counsel for the Ohio Supreme Court sent a Letter of Inquiry to Plaintiff regarding fourty-four (44) alleged instances of judicial misconduct. The law firm of Bieser, Greer & Landis, LLP was retained to represent Plaintiff in the disciplinary matter. Plaintiff, through counsel, responded to the January 19, 2001 letter. On June 14, 2001, the Disciplinary Counsel issued a second Letter of Inquiry setting forth an additional five (5) alleged instances of judicial misconduct. Plaintiff's counsel responded to the second letter on July 25, 2001. A Draft Complaint was issued to Plaintiff on March 8, 2002 and Plaintiff responded on May 23, 2002. Revisions to the complaint were made in May 2002 and a formal Complaint was filed with the Board of Commissioners on Grievances and Discipline on June 18, 2002. Plaintiff filed a formal response to the Complaint on July 8, 2002. A third Letter of Inquiry was issued on July 23, 2002, setting forth additional instances of alleged judicial misconduct. An Amended Complaint was filed on November 20, 2002 with the Board of Commissioners on Grievances and Discipline.
>
> The Amended Complaint was comprised of six counts and fifty-five (55) instances of alleged misconduct. Count I charged Plaintiff with improper *ex parte* communications, failure to appropriately exercise judicial discretion and failure to follow the law. Count II charged Plaintiff with improper refusal to allow attorneys to reserve [sic] objections on the record. Count III charged Plaintiff with improper denial of continuances without the exercise of judicial discretion. Count IV charged Plaintiff with making misrepresentations to lawyers, judges and court personnel in the course of her duties. Count V charged Plaintiff with committing acts demonstrating judicial intemperance. Count VI charged Plaintiff with improper use of county resources and personnel for her 2002 campaign for a seat on the Franklin County Court of Appeals. Plaintiff responded to the Amended Complaint on January 15, 2003. A hearing on the allegations contained in the Amended Complaint was conducted over a nineteen day period and included the testimony of over one hundred witnesses.
>
> The Board of Commissioners on Grievances and Discipline found against Plaintiff on four of the six counts[fn1] and suspended Plaintiff's license to practice law in the State of Ohio for two years. The matter was later heard by the Ohio Supreme Court. On September 7, 2004, the Ohio Supreme Court affirmed the findings made by the Board and suspended Plaintiff's license to practice law for two years with one year stayed, on certain conditions.
>
> Throughout the disciplinary proceedings, Plaintiff was represented by David Greer, of the firm Bieser, Greer & Landis, LLP, in Dayton, Ohio. Greer's hourly rate was $175.00. The total charges for representing Plaintiff were in excess of $580,000.00. In her capacity as a Franklin County Common Pleas Judge Plaintiff was covered by a policy of insurance issued by Defendants. The policy provides, in pertinent part:
>
> > A. WHAT WE COVER
> > Subject to all terms and conditions of this policy, we will pay on your behalf all damages and claim expenses arising out of a claim

which you first become aware of and you report to us in writing during the policy period.

B. DEFENSE AND SETTLEMENT

We will provide for the defense of claims against you that are covered by this policy even if the allegations against you are groundless, false or fraudulent.

We will not settle any claim without your consent. However, you must communicate to us, within a reasonable period of time, your consent or objection to any claim settlement which we propose to make. If you object to any claim settlement we propose to make, you and we will, within 15 days of your objection, present our respective position to an arbitrator selected by the Supreme Court and be guided by his opinion regarding the claim settlement.

\* \* \*

D. DEFINITIONS
Whenever used in this policy, the term:
1. **Claim** means:

a. Any demand received by you for money arising out of your acts, errors, or admission in your judicial, ministerial, administrative or managerial capacity; or

b. Any allegations against you brought by an official disciplinary committee, judicial competence committee or other similar official committee of inquiry in disciplinary procedures.

Section D.1.b was replaced by the following Endorsement:

By this endorsement you and we agree that policy provision D.1.b is deleted in its entirety and replaced by the following:

b. Any allegations against you brought by an official disciplinary committee, judicial competence committee or other similar official committee of inquiry in disciplinary procedures, in [sic] connection with any such proceedings, our obligation under this policy is limited to reimbursing you for attorneys' fees and other reasonable costs, expenses or fees resulting from the investigation or defense of any such proceeding and then only in the event the allegations brought against you are dismissed or discontinued without a finding of fault or guilt on your part.

All other terms and conditions of this policy remain unchanged.

[fn1]As to Counts II and III, there were no findings of misconduct.

Sept. 27, 2006 Order, Joint App'x 222-225 (alteration of policy language in order).

II.

### A.  Standard of Review

This Court reviews a district court's grant of summary judgment de novo, and "must view the facts and any inferences that can be drawn from those facts . . . in the light most favorable to the nonmoving party." *Keweenaw Bay Indian Comm. v. Rising*, 477 F.3d 881, 886 (6th Cir. 2007) (internal quotation marks omitted).  "Summary judgment is only appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  *Id*. (quoting Fed. R. Civ. P. 56(c)) (internal quotation marks omitted).  "Weighing of the evidence or making credibility determinations are prohibited at summary judgment – rather, all facts must be viewed in the light most favorable to the non-moving party."  *Id*.

### B.  O'Neill's Claim for Partial Reimbursement for Attorneys' Fees and Costs Under the Professional Liability Insurance Policy

Both parties agree that the language of the policy is the fundamental issue here.  We must decide whether the language allows for partial reimbursement of attorneys' fees and costs prorated to the number of allegations an insured prevails on, as O'Neill contends, or whether it requires an insured to prevail on all allegations contained in one disciplinary proceeding in order to collect, as defendants argue.

In Ohio, the construction of contracts is a matter of law.  *See Long Beach Ass'n, Inc. v. Jones*, 697 N.E.2d 208, 209 (Ohio 1998).  "In construing the terms of any contract, the principal objective is to determine the intention of the parties." *Hamilton Ins. Serv., Inc. v. Nationwide Ins. Cos.*, 714 N.E.2d 898, 900 (Ohio 1999).  If the contract terms are clear and unambiguous, no interpretation or construction is necessary and the terms will be given the effect called for by the plain language of the contract. *See Davis v. Loopco Indus., Inc.* 609 N.E.2d 144, 145 (Ohio 1993). "A contract does not become ambiguous by reason of the fact that in its operation it will work a hardship upon one of the parties thereto."  *Foster Wheeler Enviresponse, Inc. v. Franklin County Convention Facilities Auth.*, 678 N.E.2d 519, 526-27 (Ohio 1997) (quoting *Ohio Crane Co. v. Hicks*, 143 N.E. 388, 389 (Ohio 1924)) (internal quotation marks omitted).

The policy at issue provides that "all damages and claim expenses arising out of a claim" will be paid.  A claim is defined in Section D.1.b, as modified by the Contingent Disciplinary Coverage Endorsement discussed above, as

> (b)    Any allegations against you brought by an official disciplinary committee, judicial competence committee or other similar official committee of inquiry in disciplinary procedures.  In connection with any such proceedings, our obligation under this policy is limited to reimbursing you for attorneys' fees and other reasonable costs, expenses or fees resulting from the investigation or defense of any such proceeding and then only in the event the allegations brought against you are dismissed or discontinued without a finding of fault or guilt on your part.

Both parties agree that the interpretation of section D.1.b governs the outcome of defendants' motion for summary judgment on all of plaintiff's causes of action other than her allegation of promissory estoppel.

O'Neill argues that the use of the term "any" modifies the term "allegations," and therefore, under D.1.b, the policy requires defendants to reimburse insureds for any allegations which are

"dismissed or discontinued without a finding of fault or guilt." Appellant's Br. 13, 16-17. Defendants counter that the section "only provides for reimbursement of attorney fees and expenses if the allegations are dismissed without a finding of fault or guilt," and O'Neill cannot dispute that she was found guilty on four of six counts brought against her. Appellees' Br. 4, 5.

The district court correctly interpreted the policy. According to section D.1.b's plain language, the singular term "claim" encompasses all allegations brought in a disciplinary proceeding. The section goes on to limit reimbursement of any "claim" to only a "proceeding" in which "the allegations brought against you are dismissed or discontinued without a finding of fault or guilt on your part." This language is clear and unambiguous, and provides for reimbursement of expenses only if a "claim" – i.e., the allegations in a disciplinary proceeding – is dismissed or discontinued without a finding of fault.

The Office of Disciplinary Counsel for the Ohio Supreme Court ultimately filed an amended complaint with the Board of Commissioners on Grievances and Discipline against O'Neill. That complaint contained six counts of alleged misconduct, supported by 55 factual allegations. After a nineteen-day hearing, the Board found O'Neill guilty of four of the six counts of alleged misconduct. The Board's decision was later affirmed by the Ohio Supreme Court. For purposes of the policy, this action comprised one "claim." In other words, it was a single proceeding that included multiple allegations. Under section D.1.b, all of "the allegations" brought against O'Neill in this proceeding must have been dismissed or discontinued without a finding of guilt in order to qualify for reimbursement. They were not, and under the plain language of the policy, she is not entitled to reimbursement.

Because we find the language of the policy to be plain and unambiguous, there is no need to address the extrinsic evidence offered by defendants. *See Schifrin v. Forest City Enterprises, Inc.*, 64 Ohio St.3d 635, 637, 597 N.E.2d 499, 501 (Ohio, 1992) ("Only when the language of a contract is unclear or ambiguous, . . . will extrinsic evidence be considered . . .").

### C. Summary Judgment as to O'Neill's Promissory Estoppel Claim

O'Neill argues that defendants' motion for summary judgment should not have been granted with regard to her claim for promissory estoppel. She argues that, if given adequate time to conduct discovery, coupled with facts already alleged, she will be able to present a colorable claim of promissory estoppel to a fact-finder. The district court granted summary judgment to defendants reasoning that, based on the facts already alleged, O'Neill had not presented any evidence that defendants had promised to pay her attorneys' fees on a percentage basis. The district court additionally held that O'Neill's claim for promissory estoppel directly contradicts the plain and unambiguous terms of the policy, and Ohio law does not allow promissory estoppel in such circumstances.

We believe the district court properly granted summary judgment to defendants on O'Neill's promissory estoppel claim. In Ohio, "[w]here the parties have an enforceable contract and merely dispute its terms, scope, or effect, one party cannot recover for promissory estoppel . . . ." *Terry Barr Sales Agency, Inc. v. All-Lock Co., Inc.*, 96 F.3d 174, 181 (6th Cir. 1996) (citing *Cloverdale Equip. Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 939 (6th Cir. 1989)). Neither party disputes the fact that an enforceable contract exists and governs the substance of this lawsuit. Accordingly, O'Neill cannot mount a claim for promissory estoppel that directly contradicts the language of that contract. *See Cloverdale*, 869 F.2d at 940; *see also Ed Schory & Sons, Inc. v. Society National Bank*, 75 Ohio St.3d 433, 439-40, 662 N.E.2d 1074, 1080 (Ohio, 1996) (holding that parol evidence rule prohibits extrinsic evidence of other promises made in contravention of the express terms of a written contract thus barring claims for promissory estoppel where an express contract exists).

III.

For the foregoing reasons we **AFFIRM** the district court's grant of defendants' motion for summary judgment as to all of O'Neill's claims, and **AFFIRM** the district court's denial of O'Neill's motion for partial summary judgment.