*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 08a0098p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

TRAFALGAR CORPORATION; BRUCE GEISINGER; and
MARK GEISINGER,

*Plaintiffs-Appellants,*

*v.*

No. 06-3578

MIAMI COUNTY BOARD OF COMMISSIONERS and
CONCORD TOWNSHIP, MIAMI COUNTY, OHIO,

*Defendants-Appellees.*

---

Appeal from the United States District Court
for the Southern District of Ohio at Dayton.
No. 05-00084—Michael R. Merz, Magistrate Judge.

Argued: September 10, 2007

Decided and Filed: March 3, 2008

Before: BOGGS, Chief Judge; MARTIN and SUTTON, Circuit Judges.

---

## COUNSEL

**ARGUED:** Michael P. McNamee, McNAMEE & McNAMEE, Beavercreek, Ohio, for Appellants.
Robert J. Surdyk, SURDYK DOWD & TURNER, Dayton, Ohio, Steven G. LaForge, ISAAC,
BRANT, LEDMAN & TEETOR, Columbus, Ohio, for Appellees. **ON BRIEF:** Michael P.
McNamee, Gregory B. O'Connor, McNAMEE & McNAMEE, Beavercreek, Ohio, for Appellants.
Robert J. Surdyk, Kevin Lantz, SURDYK DOWD & TURNER, Dayton, Ohio, Steven G. LaForge,
Jeffrey A. Stankunas, Brandi L. Dorgan, ISAAC, BRANT, LEDMAN & TEETOR, Columbus,
Ohio, for Appellees.

---

## OPINION

---

BOYCE F. MARTIN, JR., Circuit Judge. Trafalgar Corporation sought a federal court
determination of its constitutional takings and equal protection claims against the Miami County
Board of Commissioners and Concord Township. The district court dismissed the case on a motion
for summary judgment finding that Trafalgar's claims were barred by principles of preclusion. For
the following reasons we **AFFIRM** the decision of the district court.

1

I

Trafalgar owns a fifty-acre tract of land located in Concord Township, Ohio. The property is zoned A-2 Agricultural, which would allow residential development so long as each lot has at least one hundred twenty-five feet of road frontage. Trafalgar successfully applied to the Board to re-zone the property to single-family residential in 1995, 1997, and every year from 1999 to 2004. Each time, however, a voter referendum vetoed the change.

Trafalgar sued the Board and the Township and exhaustively litigated its claims in state court prior to bringing an action in federal court. It filed its first complaint in June 1999 in the Miami County Court of Common Pleas seeking a declaratory judgment overturning the voter referendum statute for as-applied or facial unconstitutionality under the United States and Ohio Constitutions. Trafalgar alternatively sought just compensation for a regulatory taking of property by the state. The trial court rejected Trafalgar's challenge to the referendum statute and held that its takings claim was not cognizable in declaratory judgment but could be filed as a request for a writ of mandamus. Trafalgar appealed to the Ohio Court of Appeals, which affirmed the trial court's decision. The Ohio Supreme Court declined to review the case.

In May of 2002, Trafalgar filed a complaint in the Court of Appeals for Miami County for a writ of mandamus, seeking to compel re-zoning of its land and to compel compensation for a taking of its property. Trafalgar asserted its right to compensation under both the Ohio and United States Constitutions. The state court of appeals first dismissed Concord Township as a party to the action on summary judgment. The court of appeals then proceeded to deny all of Trafalgar's claims, holding that its claim for re-zoning was precluded by the prior appeals court decision upholding the constitutionality of the referendum law and its claim for just compensation lacked merit. The Ohio Supreme Court affirmed the appeals court ruling, finding no merit in any takings claim by Trafalgar. *State ex rel. Trafalgar Corp., v. Miami County Bd. of Comm'rs*, 819 N.E.2d 1040 (Ohio 2004).

Having found no success in the state courts, Trafalgar filed suit in federal district court in March of 2005. That court, citing 28 U.S.C. § 1783, which requires federal courts to give prior state court judgments the same effect those judgments would be given in the courts of the rendering state, found all Trafalgar's claims barred by Ohio preclusion law, and dismissed the case on summary judgment. Trafalgar appealed to this Court arguing that its federal claims should not be precluded by the state court judgments. We review *de novo* a grant of summary judgment. *O'Neill v. Kemper Ins. Cos.,* 497 F.3d 578, 581(6th Cir. 2007).

II

The principles of preclusion operate to bar Trafalgar's claims under the Takings and Equal Protection clauses of the Constitution. A federal court must give prior state court judgments the same effect those judgments would be given in the courts of the rendering state. 28 U.S.C. § 1783. The federal court must therefore apply the principles of preclusion from the rendering state to state court decisions. *Hamilton's Bogarts, Inc., v. State of Michigan,* 501 F.3d 644, 650 (6th Cir. 2007).

Ohio state courts recognize both claim and issue preclusion. *Fort Frye Teachers Ass'n, OEA/NEA v. State Employment Relations Bd.,* 692 N.E.2d 140, 144 (Ohio 1998).

> "[C]laim preclusion...holds that a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action."

*Id*. (citing *Grava v. Parkman Twp.*, 653 N.E.2d 226, 228 (Ohio 1995)).

"The doctrine of issue preclusion, also known as collateral estoppel, holds that a fact or a point that was actually and directly at issue in a previous action, and was passed upon and determined by a court of competent jurisdiction, may not be drawn into question in a subsequent action between the same parties or their privies, whether the cause of action in the two actions be identical or different."

*Id.* (citing *Norwood v. McDonald*, 52 N.E.2d 67 (Ohio 1943)).

Issue preclusion bars further litigation under the Takings clause. In its May 2002 action, Trafalgar sought compensation under the United States and Ohio Constitutions for a regulatory taking of its property, alleging that Trafalgar had "been deprived of the economic viable use of [its] Property." The Ohio state courts determined that Trafalgar could not make out a claim for compensation because it failed to present sufficient evidence that it had been deprived of all economically viable uses of the land. In its action before the district court, Trafalgar again seeks to litigate the issue of just compensation under the Takings clause, arguing that the defendants "have stripped the property of any viable, economic use." Because that issue was directly decided in a previous state court action, it cannot be re-litigated in federal district court.

Trafalgar protests that it did not actually argue the *federal* takings issue, and therefore it should not be precluded from litigating that issue in federal court. But, Trafalgar put directly at issue the question whether it was entitled to just compensation under the Ohio and United States Constitutions by including them in its complaint and by alleging that it had "been deprived of the economic viable use of [its] property." It thus "effectively asked the state court to resolve the same federal issues" that it now claims it reserved for federal court. *San Remo Hotel, L.P. v. City of San Francisco,* 545 U.S. 323, 341 (2005); *see* C. WRIGHT AND A. MILLER, 18 FEDERAL PRACTICE AND PROCEDURE, § 4419 (2007). The court of appeals and the Ohio Supreme Court held that the takings claims were without merit. *Trafalgar*, 819 N.E.2d 1040, 1045 (Ohio 2004). Thus issue preclusion bars further litigation of Trafalgar's takings claim. Furthermore, because Trafalgar asserted federal issues in its complaint at the state court level, it cannot now claim to have reserved its federal causes of action for subsequent litigation in federal court under *DLX Inc., v. Kentucky*, 381 F.3d 511 (6th Cir. 2004) or *England v. La. State Bd. of Med. Exam'rs,* 375 U.S. 411 (1964).

Claim preclusion bars further litigation of Trafalgar's Equal Protection claim. Trafalgar's previous state court actions included complaints based on alleged discrimination arising out of the Board's refusal to re-zone Trafalgar's property. Trafalgar concedes that any discrimination claim based on Board actions permitting re-zoning of similarly situated parcels prior to the last state court litigation would be claim precluded since they would be based on the same transaction or occurrence as the prior state actions (namely the refusal to re-zone). Trafalgar asserts instead that by subsequently re-zoning another parcel similar to the one Trafalgar owns, the Board committed a new act of discrimination against Trafalgar that is not claim precluded. However, a new claim is not created every time the Board re-zones another property. A subsequent re-zoning does not create a new transaction or occurrence between Trafalgar and the Board and therefore there is no new claim.

Finally, the district court was correct to apply issue preclusion to dismiss Concord Township from the case. That issue was decided on summary judgment in the state appeals court when it found no reason for Concord Township to be present in the case. Since the court was of competent jurisdiction, its decision must be given preclusive effect.

III

The district court was correct to find that issue and claim preclusion act to bar further litigation of Trafalgar's claims. We **AFFIRM** the decision of the district court.