**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 07-1878**

---

GREENGAEL, LC; VERNELL MONIQUE SMITH; TAMMY DE'VOUE SMITH; VERNIE M. OVERBEY,

      Plaintiffs - Appellants,

    v.

THE BOARD OF SUPERVISORS OF CULPEPER COUNTY, VIRGINIA,

      Defendant - Appellee.

---

Appeal from the United States District Court for the Western District of Virginia, at Charlottesville. Norman K. Moon, District Judge. (3:07-cv-00005-nkm)

---

Submitted: May 8, 2008      Decided: September 5, 2008

---

Before NIEMEYER, TRAXLER, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Mark A. Moorstein, Kelly C. Zook, REES BROOME, PC, Gainesville, Virginia, for Appellants. Robert T. Mitchell, Jr., James A. Klenkar, HALL, MONAHAN, ENGLE, MAHAN & MITCHELL, Winchester, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This land use case involves the claims of developer, Greengael, LC, against the Board of Supervisors of Culpeper County, Virginia ("the County"), for denying approval of a subdivision plat and later rezoning its property from residential to industrial use. It also involves claims against the County by the Smith family ("the Smith Plaintiffs"), owners of a single-family residence in Culpeper County, challenging the County's actions with respect to Greengael's property as well as a zoning amendment affecting their own property. In two separate orders, the district court dismissed the plaintiffs' claims. Greengael and the Smith Plaintiffs (collectively, "Greengael") appeal. Finding no error, we affirm.

After the County denied approval for Greengael's subdivision plat proposing a mixed-use development, including low and moderate income housing, retail, and single-family homes, and then changed the zoning of Greengael's property from residential to industrial use, Greengael filed two lawsuits in state court challenging the County's decisions. The lawsuits raised various state law claims, as well as federal constitutional claims and allegations of violations of the Fair Housing Act ("FHA"), 42 U.S.C.A. §§ 3601-3619 (West 2003 & Supp. 2008), and 42 U.S.C. § 1983 (2000).

The trial court consolidated the suits and then dismissed the federal claims as not ripe because Greengael failed to exhaust

- 2 -

administrative remedies. After Greengael's claims were presented and denied administratively, it sought to raise its federal claims again, but the trial court dismissed them on demurrer as barred by res judicata. Following a bench trial on the state law claims, the trial court ruled in Greengael's favor, concluding that the County acted arbitrarily and capriciously in violation of state law in denying approval of the subdivision plat and changing the zoning classification.

Both Greengael and the County appealed to the Supreme Court of Virginia. Greengael assigned error to the dismissal of its federal claims, arguing that the trial court erred in giving preclusive effect to the initial decision dismissing the federal claims on jurisdictional grounds. The court reversed the portion of the trial court's decision favorable to Greengael. See Bd. of Supervisors of Culpeper County v. Greengael, 626 S.E.2d 357 (Va. 2006). In light of its conclusion that the County's actions did not violate state law, the court found it unnecessary to resolve Greengael's challenge to the dismissal of its federal claims, explaining that Greengael's federal claims were "moot." Greengael, 626 S.E.2d at 369.[1]

In 2007, Greengael, joined by the Smith Plaintiffs, filed the underlying complaint in federal court raising the same

---

[1]Greengael did not file a petition for writ of certiorari in the United States Supreme Court.

federal claims alleged in its state court complaint. The district court granted the County's motion to dismiss, concluding that Greengael's claims were barred by res judicata and the Smith Plaintiffs lacked standing to challenge the County's conduct with respect to Greengael's property. In a later, separate order, the district court granted summary judgment to the County with respect to the Smith Plaintiffs' challenge to the 2006 zoning amendment.

We review de novo a district court's dismissal under Federal Rule of Civil Procedure 12(b)(6). See Sec'y of State for Defence v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir. 2007). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and have "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965, 1974 (2007).

We also review de novo a district court's order granting summary judgment and view the facts in the light most favorable to the nonmoving party. Seabulk Offshore, Ltd. v. Am. Home Assur. Co., 377 F.3d 408, 418 (4th Cir. 2004). Summary judgment is appropriate when no genuine issue of material fact exists and "the

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)).

I. <u>Res Judicata</u>

The Full Faith and Credit Act, 28 U.S.C. § 1738 (2000), requires federal courts to apply state res judicata law to determine the preclusive effects of a state court judgment. <u>Exxon Mobil Corp. v. Saudi Basic Indus. Corp.</u>, 544 U.S. 280, 293 (2005); <u>In re Genesys Data Technologies, Inc.</u>, 204 F.3d 124, 129 (4th Cir. 2000). Under Virginia law, the doctrine of res judicata bars a party from asserting claims that were raised, or that could have been raised, in previous litigation between the parties. <u>Lofton Ridge, LLC v. Norfolk Southern Ry. Co.</u>, 601 S.E.2d 648, 650 (Va. 2004). This doctrine applies whenever a claim "has been resolved adversely to the plaintiff, whether on the merits or because of another bar to recovery such as sovereign immunity or the statute of limitations." <u>Lambert v. Javed</u>, 641 S.E.2d 109, 111 (Va. 2007).

We reject Greengael's contention that the Virginia court did not render a final decision on the merits of its federal claims because the court did not engage in a substantive analysis of those claims. The Supreme Court of Virginia sustained the trial court's demurrers to Greengael's federal claims and entered a final judgment. This disposition is a final decision on the merits under

- 5 -

Virginia law.[2] See Reed v. Liverman, 458 S.E.2d 446, 447 (Va. 1995) (dismissal with prejudice after sustaining a demurrer is a final judgment on the merits); Gimbert v. Norfolk S. R.R. Co., 148 S.E. 680, 690 (Va. 1929) ("A general demurrer which denies the right of the plaintiff to recover on the cause of action alleged, which is sustained, is a decision on the merits."). Additionally, Greengael's argument based on Williamson County Reg'l Planning Comm'n v. Hamilton Bank of Johnson City, 473 U.S. 172 (1985), has been rejected by the Supreme Court as well as by this court. See San Remo Hotel, L.P. v. City and County of San Francisco, 545 U.S. 323, 347 (2005) (expressly declining to create an exception to the full faith and credit statute "solely to preserve the availability of a federal forum" for litigants' federal takings claims); Holiday Amusement Co. of Charleston, Inc. v. South Carolina, 493 F.3d 404, 409 (4th Cir. 2007) (noting that no constitutional issue is presented by the fact that claims for just compensation will generally be resolved in state court).[3]

---

[2]Trafalgar Corp. v. Miami County Bd. of Commr's, 519 F.3d 285 (6th Cir. 2008), cited by the County as supplemental authority, is analogous. In Trafalgar, the Sixth Circuit affirmed a federal district court's grant of summary judgment based on 28 U.S.C. § 1783 where a plaintiff previously filed suit in state court asserting state and federal takings and equal protection claims. The court rejected the argument that because the federal takings issue was not actually litigated in state court, res judicata should not apply to bar the federal action. 519 F.3d at 287.

[3]We also reject Greengael's argument regarding the availability of an England reservation to preserve its issues to be heard in federal court as irrelevant. England v. Louisiana State

- 6 -

In sum, Greengael's federal claims were raised and resolved in a final decision issued by the Virginia state court, and Greengael's claims are now barred by res judicata under Virginia law. Therefore, as the district court held, it was required to accord full faith and credit to the Virginia court's decision and dismiss the federal claims.[4]

## II. Standing

In order to assert a claim based on the County's actions with respect to Greengael's property, the Smith Plaintiffs needed to show that they: (1) suffered an injury in fact, (2) that was causally connected to the County's conduct, and (3) that was likely to be redressed by a favorable ruling. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992) (holding that these three elements constitute the constitutional minimum for standing). To meet the first requirement, the party must demonstrate an "injury in fact" that is concrete and particularized, and actual or

---

Bd. of Medical Examiners, 375 U.S. 411, 417-19 (1964). It is undisputed that Greengael did not make, or attempt to make, such a reservation.

[4]We note that the Virginia Supreme Court's recent decision in Kitchen v. Newport News, 657 S.E.2d 132 (Va. 2008), does not alter the district court's lack of authority to render a decision contrary to that of the Virginia court. Likewise, the South Carolina district court's denial of summary judgment in Connelly Development, LLC v. City of West Columbia, No. 3:05-00460-MSB (D.S.C. 2007), is also irrelevant to the dispositive issue of res judicata in this case.

- 7 -

imminent, as opposed to conjectural or hypothetical. Id. at 560. We agree with the district court's conclusion that the injury alleged by the Smith Plaintiffs, the denial of the opportunity to purchase affordable housing, was too remote and speculative to constitute an injury in fact.

III. Zoning Amendment

The Smith Plaintiffs alleged an FHA violation based on a 2006 zoning amendment under which they lost the ability to convert their existing single-family home into a multi-family dwelling. To prove a prima facie case of discrimination under the FHA, the Smith Plaintiffs had to demonstrate that the housing action or practice being challenged was either motivated by a discriminatory purpose or had a discriminatory impact. Betsey v. Turtle Creek Assocs., 736 F.2d 983, 986 (4th Cir. 1984). We conclude the district court properly rejected this claim because of the absence of any evidence of discriminatory intent or effect.[5]

Accordingly, we affirm the district court's orders. We also grant the County's motion to strike matters outside the record on appeal. We dispense with oral argument because the facts and

---

[5]Cases cited by Greengael involving state law challenges to exclusionary zoning ordinances are inapplicable. See, e.g., Southern Burlington County NAACP v. Mt. Laurel, 336 A.2d 713 (N.J. 1975) (developing municipalities required under state constitutional mandate to meet reasonable housing needs of low and moderate income people in their region).

- 8 -

legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED