[Cite as *Patel v. Univ. of Toledo*, 2016-Ohio-3153.]

| | |
|---|---|
| CHANDNI PATEL | Case No. 2015-00228 |
| Plaintiff | Judge Patrick M. McGrath<br>Magistrate Anderson M. Renick |
| v. | |
| UNIVERSITY OF TOLEDO | <u>ENTRY GRANTING DEFENDANT'S</u><br><u>MOTION FOR SUMMARY JUDGMENT</u> |
| Defendant | |

{¶1} On February 16, 2016, defendant filed a motion for summary judgment pursuant to Civ.R. 56(B). On March 1, 2016, plaintiff filed a response and an unopposed motion to extend the page limitations, which is GRANTED. On March 8, 2016, defendant filed a reply and a motion for leave to file the same, which is GRANTED. The motion for summary judgment is now before the court for a non-oral hearing. L.C.C.R. 4.

{¶2} Civ.R. 56(C) states, in part, as follows:

{¶3} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." *See also Gilbert v. Summit County*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317 (1977).

{¶4} On August 21, 2012, plaintiff enrolled in defendant University of Toledo's (UT) graduate bachelor of science in nursing to doctor of nursing program (BSN-DNP). During the period in question, the BSN-DNP was pending accreditation by the Commission on Collegiate Nursing Education (CCNE), the national accrediting organization for college nursing programs. In support of its motion, defendant submitted the affidavit of Kelly Phillips, the Interim Dean of the College of Nursing at UT. Phillips avers that the CCNE accreditation process involves several phases and "takes several years" to complete. Attached to Phillips' affidavit are numerous documents which explain in detail CCNE standards, procedures, and guidelines for accreditation.

{¶5} According to plaintiff, on the first day of classes, she expressed her concern that the program was not accredited to Dean Timothy Gaspar, whereupon Dean Gaspar informed the students that he believed the program would be accredited before the first student graduated. (Plaintiff's affidavit, ¶ 9-12.) In January 2014, plaintiff contacted her advisor and asked whether she could graduate early, in August 2015. Plaintiff avers that her advisor and the BSN-DNP program director, Dr. Chen, "indicated" that it was possible for plaintiff to graduate early if she took courses during the summer of 2015. *Id.* ¶ 25. Plaintiff subsequently learned that the program would not be accredited by August 2015 and she inquired whether she could graduate from a master-in-nursing (MSN) program which had "many overlapping courses." *Id.* ¶ 30-31. After plaintiff learned that she could not transfer to another program, she withdrew from defendant's program and transferred to another institution to complete her BSN-DNP.

{¶6} In her complaint, plaintiff alleges negligent misrepresentation, breach of fiduciary duty, fraud, breach of contract, unjust enrichment/promissory estoppel, and negligence. Defendant contends that plaintiff's rights as a student in the program were contractual and that the contract did not support any of her claims. The court agrees.

**BREACH OF CONTRACT**

{¶7} To recover upon a breach of contract claim, a plaintiff must prove "'the existence of a contract, performance by the plaintiff, breach by the defendant, and damage or loss to the plaintiff.'" *Powell v. Grant Med. Ctr.*, 148 Ohio App.3d 1, 2002-Ohio-443 (10th Dist.), quoting *Nilavar v. Osborn*, 137 Ohio App.3d 469, 483 (2nd Dist. 2000). There is no dispute that a contractual relationship existed between plaintiff and defendant.

{¶8} "It is axiomatic that '* * * when a student enrolls in a college or university, pays his or her tuition and fees, and attends such school, the resulting relationship may reasonably be construed as being contractual in nature." *Bleicher v. Univ. of Cincinnati College of Med.*, 78 Ohio App.3d 302, 308 (10th Dist.1992), quoting *Behrend v. State*, 55 Ohio App.2d 135, 139 (10th Dist.1977). "This contract is typically found in a handbook, catalogue, or other guideline." *Tate v. Owens State Community College*, 10th Dist. Franklin No. 10AP-1201, 2011-Ohio-3452, ¶ 21. "However, where the contract permits, the parties may alter its terms by mutual agreement, and any additional terms will supersede the original terms to the extent the two are contradictory." *Lewis v. Cleveland State Univ.*, 10th Dist. Franklin No. 10AP-606, 2011-Ohio-1192, ¶ 14.

{¶9} Although plaintiff states in her complaint that she was concerned about the lack of accreditation and that "without a guarantee of accreditation, no reasonable person would choose to attend, or continue to attend, nursing school," plaintiff admits that, at the time she began taking classes at UT, she knew the program was not accredited. Plaintiff does not allege that the terms of UT's handbook, catalogue, or other guideline either provided or suggested the BSN-DNP program had been accredited by CCNE before she enrolled, or that it would be accredited by CCNE before she graduated.

{¶10} To the extent that plaintiff argues certain "promises" were made to induce her to remain in the program and that such promises manifested a modification of the original agreement, "'absent fraud, mistake or other invalidating cause, the parties' final written integration of their agreement may not be varied, contradicted or supplemented by evidence of prior or contemporaneous oral agreements, or prior written agreements.'" *Miller v. Lindsay-Green, Inc.*, 10th Dist. Franklin No. 04AP-848, 2005-Ohio-6366, ¶ 36, quoting *Galmish v. Cicchini*, 90 Ohio St.3d 22, 27, 2000-Ohio-7. Plaintiff has not alleged a conflict, mistake, ambiguity, or uncertainty as to interpretation of the contract terms. Although Dean Gaspar testified that he is certain that he did not and "would never" tell students that the program would be accredited before the first student graduated, even if the court accepted that Dean Gaspar made the alleged comments, such comments would not constitute a mutual agreement which would alter the original terms of the contract. The court finds that UT is entitled to summary judgment on plaintiff's claim of breach of contract.

## UNJUST ENRICHMENT/PROMISSORY ESTOPPEL

{¶11} Plaintiff pleads the theories of unjust enrichment and promissory estoppel as a single claim. Plaintiff alleges that UT made promises which were ultimately untrue and that she reasonably relied on those promises to her detriment. A claim of promissory estoppel requires: 1) a clear and unambiguous promise, 2) reliance by the party to whom the promise was made, 3) reasonable and foreseeable reliance, and 4) the party relying on the promise must have been injured by the reliance. *Callander v. Callander*, 10th Dist. Franklin No. 07AP-746, 2008-Ohio-2305, ¶ 33, citing *Patrick v. Painesville Commercial Properties, Inc.* 123 Ohio App.3d 575, 583 (11th Dist.1997). "In Ohio, [w]here the parties have an enforceable contract and merely dispute its terms, scope, or effect, one party cannot recover for promissory estoppel." (internal citation omitted)) *Valente v. Univ. of Dayton,* 438 F.Appx. 381, 386 (6th Cir.2011), quoting *O'Neill v. Kemper Ins. Cos.*, 497 F.3d 578, 583 (6th Cir. 2007).

**{¶12}** Plaintiff's claims involve alleged promises regarding future events that plaintiff believes modified the contractual relationship between the parties. Even if the alleged promises were proved to have been made, it was not reasonable or foreseeable either for plaintiff to believe that Dean Gaspar had the authority to guarantee that the program would be accredited by CCNE prior to graduation, or for plaintiff to rely on his promise. Furthermore, "under Ohio law, the state cannot be estopped by acts of its agents not within their actual authority, even if such acts, under similar circumstances, might be within the implied or apparent authority of the agent of a private person." *Raabe v. Ohio Bd. of Speech-Language Pathology & Audiology*, 10th Dist. Franklin No. 04AP-954, 2005-Ohio-2335, ¶ 37. Moreover, "Ohio law requires that 'whoever relies on the conduct of public authorities must take notice of the limits of their power.'" *Id.*, quoting *Nealon v. Cleveland*, 140 Ohio App.3d 101, 109 (8th Dist.2000).

**{¶13}** There is no question that Dean Gaspar did not have the authority to guarantee the nursing program would be accredited by a certain date. Therefore, plaintiff cannot prevail on her unjust enrichment/promissory estoppel claim.

## TORT CLAIMS

**{¶14}** "[U]nder Ohio law, the existence of a contract action generally excludes a cause of action based upon the same conduct sounding in tort." *Hanlin v. Ohio Builders & Remodelers, Inc.*, 196 F.Supp.2d 572, 579 (S.D.Ohio 2001) citing *Wolfe v. Continental Cas. Co.*, 647 F.2d 705 (6th Cir.1981); *Valente v. Univ. of Dayton*, 689 F.Supp.2d 910, 923 (S.D.Ohio 2010). Inasmuch as the relationship between a university and its students is contractual and all of plaintiff's tort claims arise from the same course of events, such claims can be disposed of summarily. *Valente*, 438 F.Appx. at 386.

## BREACH OF FIDUCIARY DUTY

{¶15} A fiduciary is a person or entity that has a duty, created by his undertaking, to act primarily for the benefit of another in matters connected with his undertaking. *State v. Massien*, 125 Ohio St.3d 204, 2010-Ohio-1864, ¶ 35.  "The elements for a breach-of-fiduciary-duty claim include the following: '(1) the existence of a duty arising from a fiduciary relationship; (2) a failure to observe the duty; and (3) an injury resulting proximately therefrom.'"  *Valente,* 438 F.Appx. at 387, quoting *Wells Fargo Bank, N.A. v. Sessley*, 188 Ohio App.3d 213, 2010-Ohio-2902 (10th Dist.).

{¶16} Plaintiff cites authority from outside Ohio in support of her claim.  However, the Sixth Circuit Court of Appeals has observed that Ohio courts have not applied a breach of fiduciary duty claim to the university-student context.  Furthermore, Ohio "'courts have been reluctant to characterize relationships between individuals as being fiduciary in nature, with the obvious exception of those relationships that involve statutorily-imposed duties.'" *Id.*, quoting *Casey v. Reidy*, 180 Ohio App.3d 615, 2009-Ohio-415, 1145 (7th Dist.).

{¶17} The court finds that the relationship between plaintiff and UT regarding the accreditation status of the program was purely contractual and not fiduciary.  Therefore, plaintiff's claim for breach of fiduciary duty is without merit.

**NEGLIGENT MISREPRESENTATION**

{¶18} Negligent misrepresentation is defined as "'[o]ne who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others, in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.'"  (Emphasis sic.)  *Rece v. Dominion Homes, Inc.*, 10th Dist. Franklin No. 07AP-295, 2008-Ohio-24, ¶ 23, quoting *Delman v. Cleveland Heights*, 41 Ohio St.3d 1, 4 (1989).

{¶19} In *Valente*, 689 F.Supp.2d, *supra*, the federal district court found that comments allegedly made by a dean of the University of Dayton to a student regarding proceedings before a university honor council panel did not support a claim of negligent misrepresentation inasmuch as the dean had no pecuniary interest in her interaction with the plaintiff. *Id.* at 928. Likewise, Dean Gaspar had no pecuniary interest in his alleged interaction with plaintiff regarding the accreditation process. Furthermore, in this case, the court finds that plaintiff could not have justifiably relied on any promise by Dean Gaspar that CCNE would necessarily decide to accredit the program at a certain time in the future. Accordingly, defendant is entitled to judgment as a matter of law on

{¶20} Plaintiff's negligent misrepresentation claim.

**FRAUD**

{¶21} "Fraud is defined as: (1) a representation or, where there is a duty to disclose, concealment of a fact; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred; (4) with the intent of misleading another into relying upon it; (5) justifiable reliance upon the representation or concealment; and (6) a resulting injury proximately caused by the reliance." *Martin v. Ohio State Univ. Found.*, 139 Ohio App.3d 89, 98 (2000). Generally, promises or representations concerning future actions or conduct cannot serve as a basis for fraud because such statements are merely opinions or predictions, not fraudulent misrepresentations. *Id.*

{¶22} In this case, the allegedly fraudulent statements of fact are pled as mere promises that the program would be accredited in the future. Plaintiff has not offered any proof of fraudulent intent on the part of Dean Gaspar, or any other UT official. Accordingly, plaintiff cannot prevail on her fraud claim.

**NEGLIGENCE**

{¶23} In addition to her negligent misrepresentation claim, plaintiff alleges a claim for ordinary negligence. In order for plaintiff to prevail upon her claim of negligence, she must prove by a preponderance of the evidence that defendant owed her a duty, that defendant's acts or omissions resulted in a breach of that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 81, 2003-Ohio-2573, citing *Menifee v. Ohio Welding Prods., Inc.*, 15 Ohio St.3d 75, 77 (1984).

{¶24} Plaintiff alleges that UT owed her a duty of reasonable care in structuring her nursing program in a way that ensured accurate information would be received by its students. Plaintiff contends that UT breached its duty regarding the accreditation status of the program.

{¶25} Although plaintiff seeks to recover economic loss through UT's negligence, absent tangible physical harm to persons or tangible things, there is generally no duty to exercise reasonable care to avoid economic losses to others. *Clemens v. Nelson Fin. Grp., Inc.*, 10th Dist. Franklin No. 14AP-537, 2015-Ohio-1232, ¶ 34. Furthermore, "an action of tort for negligence cannot be maintained unless the defendant's conduct constituted the breach of a duty imposed by law, apart from it being a breach of an obligation created by agreement of the parties, either express or implied." *Valente*, 438 F.Appx. at 387.

{¶26} Based upon the foregoing, the court finds that there are no genuine issues of material fact and that defendant is entitled to judgment as a matter of law. Accordingly, defendant's motion for summary judgment is GRANTED. Judgment is rendered in favor of defendant. All previously scheduled events are VACATED. All other pending motions are DENIED as moot. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
PATRICK M. MCGRATH
Judge

cc:

Avonte D. Campinha-Bacote          Ashley A. Barbone
Joseph B. Russell                  Assistant Attorney General
Two Miranova Place, Suite 500      30 East Broad Street, 17th Floor
Columbus, Ohio 43215               Columbus, Ohio 43215

Randall W. Knutti
Stacy L. Hannan
Assistant Attorneys General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

**Filed April 15, 2016**
**Sent to S.C. Reporter 5/25/16**